IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSHUA SCHULZ, YVONNE SCHULZ, | § | |
| *Plaintiffs,* | § | SA-22-CV-00670-OLG |
| vs. | § | |
| THE CITY OF LA VERNIA, TEXAS, THE CITY OF LA VERNIA CITY ADMINISTRATOR, THE CITY OF LA VERNIA, PUBLIC INFORMATION OFFICER, LA VERNIA POLICE DEPARTMENT, LVPD CHIEF OF POLICE, LVPD SERGEANT FNU KEIL, FORMER LVPD OFFICER ERIK DOYLE, THE COUNTY OF WILSON, TEXAS, JUSTICE OF THE PEACE 3 JUDGE, TEXAS ATTORNEY GENERAL, EX PARTE, | § | |
| *Defendants.* | § | |

**<u>ORDER</u>**

Before the Court in the above-styled cause of action are Plaintiffs' *pro se* Applications to Proceed in District Court without Prepaying Fees or Costs and proposed civil Complaint, filed June 27, 2022 [#1, #2]. The motions were automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By their motion, Plaintiffs Joshua Schulz and Yvonne Schulz seek leave to proceed *in forma pauperis* ("IFP") based on an inability to afford court fees and costs. Having considered the motions and documentation provided by Plaintiffs, the Court will grant the motions to proceed IFP but order Plaintiffs to file a more definite statement before ordering service of their Complaint on any Defendant.

1

**I. Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiffs' motions to proceed IFP includes their income and asset information, which indicates that Plaintiffs are unemployed but receive disability benefits and public assistance in the amount of $1,891 per month.  Plaintiff Yvonne Schulz is currently seeking employment; Plaintiff Joshua Schulz is enrolled in college.  Plaintiffs have two dependents, ages 10 and 12.  Plaintiffs also provide the Court with a summary of their monthly expenses, which exceed their income.

The information provided by Plaintiffs demonstrates that they do not have sufficient monthly resources available to pay the filing fee, and the Court will grant the motions to proceed IFP.  Plaintiffs are advised, however, that although they have been granted leave to proceed IFP, this Court, may in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases.  *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).  The Court will therefore order that Plaintiffs' Complaint be docketed, but service upon Defendant will be withheld pending this Court's review of the plausibility of Plaintiffs' claims under § 1915(e).

**II. More Definite Statement**

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

against a defendant who is immune from such relief.[2] *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiffs' proposed Complaint asserts claims under 42 U.S.C. § 1983 against the City of La Vernia, Texas; La Vernia's City Administrator and Public Information Officer; the La Vernia Police Department, its Chief of Police, Sergeant Keil, and former Officer Erik Doyle; the County of Wilson, Texas; Justice of the Peace 3 Judge; and the Texas Attorney General. (Compl. [#1-1].)

According to the Complaint, in May 2020, Plaintiffs fabricated two homemade grievance signs made of plywood to inform the public of their grievances with the La Vernia Police Department. (*Id.* at 2.) Plaintiffs placed the signs on the sidewalk outside of the La Vernia Police Station. (*Id.* at 3, 14.) After speaking with members of the public, Plaintiffs left to take their son home. (*Id.*) When they returned 30 minutes later, their signs were gone. (*Id.*)

Plaintiffs contend that almost a year later, on April 21, 2021, they "were made aware warrants against them were outstanding." (*Id.*) Although members of the La Vernia Police Department appeared near their home that day, they left without arresting anyone. (*Id.*) At that time, Plaintiffs contacted the La Vernia Police Department asking to file a report for stolen property and seeking the signs' return. (*Id.* at 4.) Sergeant Keil allegedly refused to return the signs, stating they were now evidence of a crime. (*Id.*) Plaintiffs claim they wrote multiple emails to the Chief of Police regarding the signs, but the emails went unanswered. (*Id.*)

On June 22, 2021, Plaintiffs allege that they spoke with Judge Connie Terry of Justice of the Peace Court, Precinct 3, regarding the warrants she authorized against them. (*Id.*) Judge Terry informed Plaintiffs that Officer Erik Doyle was the officer who authored the probable cause affidavit leading to the arrest warrants. (*Id.*) The affidavit allegedly states that Plaintiffs

---

[2] 28 U.S.C. § 1915(e) does not make frivolousness review mandatory before the docketing of a Complaint filed by a non-prisoner Plaintiff proceeding IFP. However, the San Antonio Division has a standing order requiring all Magistrate Judges to undertake such review in conjunction with disposing of a motion to proceed IFP.

were observed dumping plywood on a La Vernia roadway without consent of the City of La Vernia or its representatives. (*Id.*) In response, Plaintiffs sent a letter to the City of La Vernia informing it of their intent to sue and requested copies of records regarding Officer Doyle. (*Id.*) The request was denied. (*Id.*)

Plaintiffs further allege that, on May 3, 2022, they appeared at the Wilson County Attorney's Office to discuss the outstanding warrant and charge against them and were arrested on a charge of "illegal dumping" and taken to the Wilson County Jail. (*Id.* at 5.) Plaintiffs were released on bond approximately five hours after their arrest. (*Id.*)

Plaintiffs attempted to remove their criminal cases to this Court, and both cases were remanded back to the County Court of Wilson County for lack of removal jurisdiction. *See* Remand Order, 5:22-cr-00236-XR-1, dkt. 5 (June 2, 2022); Remand Order, 5:22-cr-00237-XR-1, dkt. 5 (June 2, 2022). Thereafter, Plaintiffs each filed Petitions for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the validity of their arrests and pending prosecutions. The District Court dismissed the Petitions on the basis that Plaintiffs had yet to exhaust their state-court remedies, as the criminal proceedings were ongoing, and finding that the *Younger* abstention doctrine required the Court to decline jurisdiction. *See* Dismissal Order, 5:22-cv-00639-OLG, dkt. 3 (June 24, 2022); Dismissal Order, 5:22-cv-00640-OLG, dkt. 3 (June 24, 2022). To the extent Plaintiffs were attempting to raise civil rights claims pursuant to § 1983, the District Court ordered that the dismissal of Plaintiffs' petitions be without prejudice to asserting these claims in a separate civil rights action. (*Id.*)

Plaintiffs' filed their motions to proceed *in forma pauperis* and proposed Complaint in this action on June 27, 2022, alleging various violations of § 1983—false arrest and malicious prosecution, unlawful seizure of their signs, and challenging the City of La Vernia's sign

ordinance as an unconstitutional limitation on their right to free speech under the First Amendment. (Compl. [#1-1], at 6–13.) Plaintiffs contend they are currently under numerous unlawful restrictions of their freedom based on these constitutional violations, such as the inability to travel out of state while on bond. (*Id.* at 17.) Plaintiffs seek the following relief through this lawsuit: the return of their signs, removal of bond conditions, dismissal of the illegal dumping charges, expunction of arrest records from September 7, 2019, and May 3, 2022, from their records, injunctive relief in the form of an order for the City of La Vernia to amend its sign restrictions, and monetary damages. (*Id.* at 19.)

Before ordering service of Plaintiffs' proposed Complaint on any of these Defendants, the Court will order Plaintiffs to file a more definite statement. The Court is unable to determine the status of Plaintiffs' criminal proceedings from their proposed pleading in order to evaluate whether the *Younger* doctrine applies to restrict the Court's jurisdiction over Plaintiffs' claims. The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over lawsuits when three conditions are met: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges. *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Accordingly, Plaintiffs' request for the expunction of arrest records and the removal of bond conditions could implicate *Younger* if the criminal proceedings are ongoing. The Court will therefore order Plaintiffs to provide the Court with a summary of the status of their criminal cases and, if so, an explanation as to why they are unable to raise their constitutional challenges in those proceedings. Plaintiffs may also attach any

relevant documents from their criminal cases to their filing (*e.g.*, dismissal of the charges, a final judgment, etc.).

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' *pro se* Applications to Proceed in District Court without Prepaying Fees or Costs [#1, #2] are **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Complaint [#1-1] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefor, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff. <u>Service upon Defendants should be withheld, however, pending this Court's review under § 1915(e)</u>.

**IT IS FURTHER ORDERED** that on or before **September 16, 2022**, Plaintiffs shall file a **More Definite Statement** of the claims they seek to present to this Court.  Plaintiff is reminded to keep their statement **"short and plain,"** detailing only the facts relevant to his claims.  *See* Fed. R. Civ. P. 8(a)(2).  In this More Definite Statement, Plaintiffs should include information regarding the status of their criminal proceedings and why they believe they cannot assert the constitutional challenges to their arrest and bond conditions in these proceedings. Plaintiffs shall include the following declaration at the end of their more definite statement:

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on this \_\_\_\_ day of \_\_\_\_\_2022.

_____
Signature of Plaintiffs

If Plaintiffs fail to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiffs do not wish to file a more definite statement, they may request voluntary dismissal of their claims pursuant to Federal Rule of Civil Procedure 41(a).

**IT IS SO ORDERED.**

SIGNED this 26th day of August, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

7