# In the United States District Court Western District of Texas

FILED

SEP 1 6 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

| | |
|---|---|
| Joshua & Yvonne Schulz | |
| *Pro Se Petitioners* | |
| v. | Case No. SA-22-CV-00670-OLG |
| The City of La Vernia, Texas;<br>The City of La Vernia City Administrator;<br>The City of La Vernia<br>Public Information Officer;<br>La Vernia Police Department;<br>LVPD Chief of Police;<br>LVPD Sargent Keil;<br>Former LVPD Officer Erik Doyle;<br>The County of Wilson, Texas;<br>Justice of the Peace 3 Judge;<br>&<br>Texas Attorney General, *Ex Parte*; | Honorable:<br><br>Jury trial requested |
| Respondents | |

## MORE DEFINITE STATEMENT

### PROGRESSION OF COUNTY CASE

Attached herewith as Exhibit (P-29) are Motions to Suppress Under Frank's v Delaware with associated exhibits, filed on 8/22/2022, that have an associated hearing on 9/22/2022.

Attached herewith as Exhibit (P-30) is a recording of a Wilson County courthouse visit where Plaintiffs filed the following two exhibits and talked to the County Attorney prosecuting the case.

Attached herewith as Exhibit (P-31) are Motions for Discovery, filed on 8/24/2022, that have an associated hearing on 9/22/2022.

Attached herewith as Exhibit (P-32) are Motions for Exculpatory Evidence, filed on 8/24/2022, that have an associated hearing on 9/22/2022.

Attached herewith as Exhibit (P-33) is a recording of Plaintiffs attempting to purchase term life insurance but unable to due to pending criminal charges.

Attached herewith as Exhibit (P-34) is a plea offer sent to Plaintiff's email by the County Prosecutor on 8/29/2022.

Attached herewith as Exhibit (P-35) is an email chain between Plaintiffs and Prosecutor.

Contained within that email chain are three attachments referenced in the email chain as scan0051.pdf, JP3 Records Request Instructions.pdf and Complaint of Erik Doyle.pdf, attached herewith as Exhibit (P-36), Exhibit (P-37) and Exhibit (P-38), respectively.

## CLAIMS FOR RELIEF

### First Claim for Relief

### (42 U.S.C. § 1983 Denial of Plaintiffs' First Amendment Rights)

1. Erik Doyle, acting in bad faith, under color of law and in his individual and official capacity, participated directly in retaliatory viewpoint discrimination and did cause in fact a Constitutional Violation contrary to the Supreme Court decision in Reed v. Gilbert, which provided fair warning that his conduct was unlawful, when he suppressed the wording on Plaintiffs' grievance sign and neglecting to recognize it as a sign by simply calling it, "a piece of plywood" that was, "meant to be a social statement".

2. The City of La Vernia, a municipal entity, is liable for damages as a result of adopting an official sign ordinance, which caused a Constitutional Violation, to wit; LVPD Doyle, acting under color of law and in his individual and official capacity, applied the Constitutional Violation as the moving force behind Plaintiffs' alleged noncompliance when asserting Plaintiffs' grievance sign was placed on City of La Vernia property, "without the effective consent from the city of La Vernia or representatives".

3. Donald Keil, acting in bad faith, under color of law and in his individual and official capacity, participated directly in retaliatory viewpoint discrimination and did cause in fact a Constitutional Violation contrary to the Supreme Court decision in Reed v. Gilbert, which provided fair warning that his conduct was unlawful, when he suppressed the wording on Plaintiffs' grievance sign and neglecting to recognize it as a sign by simply calling it, "litter and or solid waste".

### Second Claim for Relief

### (42 U.S.C. §1983 Denial of Plaintiffs' Fourth Amendment Rights & Article 1 section 9 Texas Constitution)

4. The City of La Vernia, a municipal entity, is liable for damages as a result of LVPD Doyle, acting under color of law while participating directly in his individual and official capacity, causing in fact a violation of Plaintiffs' rights to be free from seizure by taking their grievance sign without probable cause and as shown through his statement, "Plywood was secured and taken into evidence".

5. Erik Doyle, acting in bad faith, under color of law and in his individual and official capacity, participated directly in Plaintiffs' Constitutional violation contrary to the findings of Franks v. Delaware, which provided fair warning that his conduct was unlawful, when he secured the execution of a document by deception, which authorized the arrest of Plaintiffs against their rights to be free from seizure without probable cause.

6. The County of Wilson, Texas is liable for damages as a result of JP3 Terry, acting under color of law while participating directly in her individual and official capacity and in the complete absence of all jurisdiction, did subject Plaintiffs to an arrest she knew was unlawful by informing the arresting officer the warrant was valid immediately prior to arrest in an act of Official Oppression and violation of due process, contrary to the findings of Franks v. Delaware and through an informal practice that, although not authorized by written law or express municipal policy, is so permanent and well settled that it constitutes a custom or usage with the force of law.

7. Donald Keil, acting in bad faith, under color of law and in his individual and official capacity, participated directly in Plaintiffs' Constitutional violation contrary to the findings of Franks v. Delaware, which provided fair warning that his conduct was unlawful, when he secured the execution of a document by deception, which authorized the Information and charges to be filed against Plaintiffs and contrary to their rights to due process.

### Third Claim for Relief

### (42 U.S.C. §1983 Denial of Plaintiffs' Fourteenth Amendment Rights)

8. LVPD Doyle, acting under color of law while participating directly in his individual and official capacity and lacking authority to take discretionary action, did cause in fact a violation of Plaintiffs' rights to procedural due process, to wit; after recognizing Plaintiffs' grievance sign as being noncompliant, LVPD Doyle did not follow enforcement procedures, instead filing the charge of illegal dumping based on the assertions Plaintiffs, "...dump[ed] said plywood on City of La Vernia roadway" and, "Piece of plywood was then discarded and left behind on City of La Vernia roadway".

9. The City of La Vernia, a municipal entity, is liable for damages as a result of LVPD Keil, acting under color of law while participating directly in his individual and official capacity, causing a deprivation in fact, through an informal practice that, although not authorized by written law or express municipal policy, is so permanent and well settled that it constitutes a custom or usage with the force of law, to wit; LVPD Keil failed to adequately supervise or discipline LVPD officers, acting with deliberate indifference while having had actual or constructive knowledge that the subordinate posed an

unreasonable risk of harm to others and consciously disregarded that risk, allowing Constitutional violations to continue.

10. The City of La Vernia, a municipal entity, is liable for damages as a result of LVPD Ritchey, acting under color of law while participating directly in his individual and official capacity, causing a deprivation in fact, through an informal practice that, although not authorized by written law or express municipal policy, is so permanent and well settled that it constitutes a custom or usage with the force of law, to wit;  LVPD Ritchey failed to adequately supervise or discipline LVPD officers, acting with deliberate indifference while having had actual or constructive knowledge that the subordinate posed an unreasonable risk of harm to others and consciously disregarded that risk, allowing Constitutional violations to continue.

11. JP3 Terry, in her individual and official capacity and in the complete absence of all jurisdiction, acted with deliberate indifference while having had active or constructive knowledge that the subordinate posed an unreasonable risk, allowing Constitutional violations to continue, to wit; after recognizing Constitutional violations, she failed to intervene, causing in fact the continuance of Constitutional violations contrary to the findings of Franks v. Delaware and through an informal practice that, although not authorized by written law or express municipal policy, is so permanent and well settled that it constitutes a custom or usage with the force of law.

12. The County of Wilson, Texas is liable for damages as a result of victim advocate Christina Masceas, acting under color of law while participating directly in her individual and official capacity, did cause in fact a Constitutional violation by denying Plaintiffs the ability to send service to Wilson County Attorneys via hand-delivered process through a custom not authorized by written law that is so permanent and well settled that it constitutes a custom or usage with the force of law.

13. The County of Wilson, Texas is liable for damages as a result of victim advocate Christina Masceas, acting under color of law while participating directly in her individual and official capacity, did cause in fact a Constitutional violation by stating Complaint would not be provided until Plaintiffs' court date, citing a custom contrary to written law that is so permanent and well settled that it constitutes a custom or usage with the force of law.

14. The City of La Vernia, a municipal entity, is liable for damages as a result of adopting an official administrative ordinance against the laws of Texas that provisioned the city secretary to act as a recorder, to wit; former public information officer and secretary of La Vernia Brittani Porter was allowed through La Vernia ordinance to act as a magistrate, causing in fact a Constitutional violation.

15. The City of La Vernia, a municipal entity, is liable for damages as a result of city administrator Yvonne Griffin, acting under color of law while participating directly in her individual and official capacity, causing a deprivation in fact, through an informal practice that, although not authorized by written law or express municipal policy, is so permanent and well settled that it constitutes a custom or usage with the force of law, to wit;  Yvonne Griffin failed to adequately supervise or discipline city employees, acting with deliberate indifference while having had actual or constructive knowledge that the

subordinate posed an unreasonable risk of harm to others and consciously disregarded that risk, allowing Constitutional violations of Plaintiffs' rights to due process and equal protections under the law to occur.

16. The County of Wilson, Texas is liable for damages as a result of the Wilson County Attorney, acting under color of law while participating directly in his individual and official capacity, causing in fact a Constitutional violation by denying Plaintiffs the ability to send service to them via hand-delivered process through a custom not authorized by written law that is so permanent and well settled that it constitutes a custom or usage with the force of law.

WHERETOFORE, Plaintiffs ask this Court: (1) to Declare that Defendants' denial of Plaintiff's constitutional rights violates the First, Fourth and Fourteenth Amendments to the U.S. Constitution as set forth in the Complaint; (2) to order the City of La Vernia's unlawful and Unconstitutional ordinance be amended to reflect State and Federal laws; (3) to require the return of Plaintiffs' property; (4) to order the County of Wilson to change their policies to follow State and Federal laws; (5) to award Plaintiffs nominal damages for the past loss of their constitutional rights; (6) to award Plaintiffs compensatory damages for loss of their constitutional rights under the US and Texas Constitutions in an amount according to proof; (7) to award Plaintiffs their reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. §1988 and other applicable law; and (8) All other relief the Court deems just and proper.

## PLAINTIFF'S SECOND AMENDMENT INFRINGEMENT

While a defendant who is released on pretrial supervision certainly has far more freedom than one who is ordered detained, such freedom is nevertheless limited. A defendant's ability to travel is nearly always restricted or precluded (as was Mr. Vidrine's) pending adjudication of a criminal action. One's right to possess firearms is almost always completely restricted during the pendency of a criminal action when one is released on conditions involving pretrial supervision. One's right to be free from searches of person and property without warrants in violation of the Fourth Amendment can be greatly circumscribed during pretrial release. One must report to and check in with one's pretrial services officer - as did Mr. Vidrine, and one must abide by all conditions of pretrial release or risk incarceration.

*Vidrine v. United States*, No. 6:07-CV-1204, at *135 n.215 (W.D. La. Jan. 26, 2012)

Mrs. Schulz's 2nd Amendment rights are being violated by the restrictions set forth in Conditions of Bond by Wilson County. Bond Condition number six states, "Shall not buy, sell, or possess firearms, knives or weapons of any kind under any circumstances." Mrs. Schulz has a License to Carry a Handgun, herewith attached as Exhibit (P-39). Currently, her license is suspended until charges are dismissed (Tx Gov 411.187). Due to the bad faith charges, arrest and prosecution of Illegal Dumping by Wilson County, Mrs. Schulz is at risk of losing her handgun license and has

been unconstitutionally disarmed, preventing her from being able to protect herself and her family. However, it does not appear that Wilson County has filed the necessary paperwork with the state to enforce the suspension.

## TEST TO ENJOIN SUIT TO CRIMINAL PROSECUTION

The proper test to be applied in the context of a suit to enjoin a criminal prosecution allegedly brought in retaliation for or to deter the exercise of constitutionally protected rights is as follows: The Court should consider whether the plaintiffs have shown, first, that the conduct allegedly retaliated against or sought to be deterred was constitutionally protected, and, second, that the State's bringing of the criminal prosecution was motivated at least in part by a purpose to retaliate for or to deter that conduct. If the Court concludes that the plaintiffs have successfully discharged their burden of proof on both of these issues, it should then consider a third: whether the State has shown by a preponderance of the evidence that it would have reached the same decision as to whether to prosecute even had the impermissible purpose not been considered.

*Wilson v. Thompson*, 593 F.2d 1375, 1387 (5th Cir. 1979)

1) "It is by now well established that access to the courts is protected by the First Amendment right to petition for redress of grievances." *Wilson v. Thompson*, 593 F.2d 1375, 1387 (5th Cir. 1979)
2) The State's bringing of the criminal prosecution was motivated at least in part by a purpose to deter Plaintiffs from their right to petition the Court for redress of grievances by concealing exculpatory evidence while producing an invalid Complaint, bringing charges of violating a statute the Prosecution knew was inapplicable to Plaintiffs' conduct and where there was no reasonable expectation of obtaining a valid conviction.
3) Without the impermissible Complaints, no decision to prosecute would have been reached.

## CONCLUSION

Plaintiffs believe the State of Texas' representatives acted in bad faith when bringing these charges to deter them from pursuing a petition for redress, suffering a great, immediate and irreparable harm that cannot be resolved through State Court.

Plaintiffs believe the totality of the circumstances surrounding their arrest and prosecution amount to official lawlessness.

Plaintiffs pray the Court agree.

Respectfully submitted,


_Joshua & Yvonne Schulz_
*Pro Se* Litigants
La Vernia, TX


## Amended Exhibit List for Complaint Under Civil Rights Act 42 U.S.C., § 1983

P-29)   8-22-22 Franks Hearing
P-30)   8-24-22 Courthouse Visit Audio
P-31)   8-24-22 Motion for Discovery
P-32)   8-24-22 Motion for Exculpatory Evidence
P-33)   Term Life Insurance Denial Audio
P-34)   Plea Offers
P-35)   Gmail Joshua and Yvonne Schulz
P-36)   Scan0051
P-37)   JP3 Records Request Information
P-38)   Complaint of Erik Doyle
P-39)   Exhibit P-39


Joshua & Yvonne Schulz
*Pro Se* Litigants
La Vernia, TX


I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on this 16th day of September 2022.


Signature of Plaintiffs

7