IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSHUA SCHULZ, YVONNE SCHULZ, | § § | |
| *Plaintiffs,* | § § § | SA-22-CV-00670-OLG |
| vs. | § § § | |
| THE CITY OF LA VERNIA, TEXAS, THE CITY OF LA VERNIA CITY ADMINISTRATOR,  THE CITY OF LA VERNIA,  PUBLIC INFORMATION OFFICER,  LA VERNIA POLICE DEPARTMENT,  LVPD CHIEF OF POLICE, LVPD SERGEANT FNU KEIL, FORMER LVPD OFFICER ERIK DOYLE,  THE COUNTY OF WILSON, TEXAS,  JUSTICE OF THE PEACE 3 JUDGE,  TEXAS ATTORNEY GENERAL, EX PARTE, | § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

Before the Court is the above-styled cause of action, which was automatically referred to the undersigned upon filing for an order on Plaintiffs' motions to proceed *in forma pauperis* ("IFP") and a review of Plaintiffs' proposed Complaint pursuant to 28 U.S.C. § 1915. The undersigned therefore has authority to enter this order and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).

The record reflects that on August 26, 2022, the undersigned granted Plaintiffs' motions to proceed IFP and ordered Plaintiffs to file a more definite statement to assist the Court in evaluating their claims under Section 1915. Plaintiffs filed their more definite statement as

ordered on September 16, 2022.  Having reviewed their Complaint and More Definite Statement, the undersigned finds that Plaintiffs' pleadings contain at least one non-frivolous claim, warranting service of process.  However, the undersigned also finds that not all Defendants should be served with Plaintiffs' Complaint and therefore will recommend dismissal of certain Defendants under Section 1915.

## II.  Analysis

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  "A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). A complaint lacks an arguable basis in law if it is based on "an indisputably meritless legal theory." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  A complaint lacks an arguable basis in fact when the allegations are fanciful, fantastic, and delusional or when they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).  This court is "vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous."  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiffs' proposed Complaint asserts claims under 42 U.S.C. § 1983 against the City of La Vernia, Texas; La Vernia's City Administrator and Public Information Officer; the La Vernia Police Department, its Chief of Police, Sergeant Keil, and former Officer Erik Doyle; the County of Wilson, Texas; Justice of the Peace 3 Judge; and the Texas Attorney General.  (Compl. [#1-1].)

According to the Complaint, in May 2020, Plaintiffs fabricated two homemade grievance signs made of plywood to inform the public of their grievances with the La Vernia Police Department. (*Id.* at 2.) Plaintiffs placed the signs in two locations near the La Vernia City Office, which houses City Hall and the Police Department. (*Id.* at 3, 14.) After speaking with members of the public, Plaintiffs left to take their son home. (*Id.*) When they returned 30 minutes later, their signs were gone. (*Id.*)

Plaintiffs contend that almost a year later, in April 2021, they "were made aware warrants against them were outstanding." (*Id.*) Although members of the La Vernia Police Department appeared near their home that day, they left without arresting anyone. (*Id.*) At that time, Plaintiffs contacted the La Vernia Police Department asking to file a report for stolen property and seeking the signs' return. (*Id.* at 4.) Sergeant Keil allegedly refused to return the signs, stating they were now evidence of a crime. (*Id.*) Plaintiffs claim they wrote multiple emails to the Chief of Police regarding the signs, but the emails went unanswered. (*Id.*)

Several months later, in June 2021, Plaintiffs allege that they spoke with Judge Connie Terry of Justice of the Peace Court, Precinct 3, regarding the warrants she authorized against them. (*Id.*) Judge Terry informed Plaintiffs that Officer Erik Doyle was the officer who authored the probable cause affidavit leading to the arrest warrants. (*Id.*) The affidavit allegedly states that Plaintiffs were observed dumping plywood on a La Vernia roadway without consent of the City of La Vernia or its representatives. (*Id.*) In response, Plaintiffs sent a letter to the City of La Vernia informing it of their intent to sue and requested copies of records regarding Officer Doyle. (*Id.*) The request was denied. (*Id.*)

Plaintiffs further allege that, on May 3, 2022, approximately two years after the incident at issue, they appeared at the Wilson County Attorney's Office to discuss the outstanding

warrants and charges against them and were at that time arrested for "illegal dumping" and taken to the Wilson County Jail. (*Id.* at 5.) Plaintiffs were released on bond approximately five hours after their arrest. (*Id.*)

Plaintiffs attempted to remove their criminal cases to this Court, and both cases were remanded to the County Court of Wilson County for lack of removal jurisdiction. *See* Remand Order, 5:22-cr-00236-XR-1, dkt. 5 (June 2, 2022); Remand Order, 5:22-cr-00237-XR-1, dkt. 5 (June 2, 2022). Thereafter, Plaintiffs each filed Petitions for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the validity of their arrests and pending prosecutions. The District Court dismissed the Petitions on the basis that Plaintiffs had yet to exhaust their state-court remedies, as the criminal proceedings were ongoing, and finding that the *Younger* abstention doctrine required the Court to decline jurisdiction. *See* Dismissal Order, 5:22-cv-00639-OLG, dkt. 3 (June 24, 2022); Dismissal Order, 5:22-cv-00640-OLG, dkt. 3 (June 24, 2022). To the extent Plaintiffs were attempting to raise civil rights claims pursuant to § 1983, the District Court ordered that the dismissal of Plaintiffs' petitions be without prejudice to asserting these claims in a separate civil rights action. (*Id.*)

Plaintiffs' filed their motions to proceed IFP and proposed Complaint in this action on June 27, 2022, alleging false arrest and retaliatory prosecution and challenging the City of La Vernia's sign ordinance as unconstitutional pursuant to 42 U.S.C. § 1983. (Compl. [#1-1], at 8–13.) Plaintiffs contend they are currently under numerous unlawful restrictions of their freedom based on these constitutional violations, such as the inability to travel out of state while on bond. (*Id.* at 17.) Plaintiffs seek the following relief through this lawsuit: the return of their signs, removal of bond conditions, an injunction against further criminal prosecution, dismissal of the

illegal dumping charges, expunction of arrest records, injunctive relief in the form of an order for the City of La Vernia to amend its sign restrictions, and monetary damages.  (*Id.* at 19.)

In reviewing Plaintiffs' proposed Complaint, the Court had some concern that all or some of Plaintiffs' claims might be foreclosed by the *Younger* doctrine due to the pending criminal proceedings against Plaintiffs in Wilson County.  The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over lawsuits when three conditions are met: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges.  *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).  Plaintiffs' more definite statement provided the Court with an update as to the status of their criminal proceedings and explained that they believe their case falls within the bad faith exception to the *Younger* doctrine.  Given Plaintiff's supplemental pleadings, it is plausible that their claims regarding the alleged retaliatory prosecution could fall under the bad faith exception, and therefore, those claims will not be dismissed as frivolous as this stage.

The *Younger* abstention doctrine does not apply and allows for federal intervention if the plaintiff demonstrates that the state-court proceeding was brought in bad faith or animated by a retaliatory, harassing, or other illegitimate motive.  *Id.* at 716 n.3; *Malone v. Dutton*, No. A-16-CA-1183-SS, 2017 WL 4399564, at *4 (W.D. Tex. Oct. 3, 2017) (citations omitted), *appeal dismissed*, 2017 WL 9249944 (5th Cir. Dec. 6, 2017).  "When the federal right sought to be protected is the right not to be subjected to a bad faith prosecution or a prosecution brought for purposes of harassment, the right cannot be vindicated by undergoing the prosecution." *Shaw v. Garrison*, 467 F.2d 113, 122 n.11 (5th Cir. 1972).  The State "does not have any legitimate

interest in pursuing a bad faith prosecution brought to retaliation for or to deter the exercise of constitutionally protected rights." *Wilson v. Thompson*, 593 F.2d 1375, 1383 (5th Cir. 1979).

Here, Plaintiffs allege that their prosecution for illegal dumping is baseless. The Texas Health and Safety Code dictates that a person commits the offense of illegal dumping if "the person disposes or allows or permits the disposal of litter or other solid waste at a place that is not an approved solid waste site, including a place on or within 300 feet of a public highway, on a right-of-way, on other public or private property, or into inland or coastal water of the state." Tex. Health & Safety Code § 365.012(a). Plaintiffs' pleadings allege that they left two protest signs temporarily on the sidewalk near the Police Department in May 2020. Two years later, they were arrested for illegal dumping. Plaintiffs contend the State's prosecution was motivated at least in part by retaliation for their exercise of their First Amendment rights to protest the police department. (More Definite Statement [#7], at 6.) If Plaintiffs can prove their factual allegations, given the timing of Plaintiffs' arrest and the definition of illegal dumping, the Court finds Plaintiffs' retaliatory prosecution claim plausibly fall under the bad faith exception to the *Younger* doctrine. Plaintiffs have stated at least one plausible claim for relief—their First Amendment claim of retaliatory prosecution.

As to which Defendants should receive service of Plaintiffs' Complaint, the undersigned will order service on those Defendants directly involved in Plaintiffs' arrest and prosecution: (1) the City of La Vernia, Texas; (2) the La Vernia Police Department; (3) the La Vernia Police Department's Chief of Police; (4) Sergeant FNU Keil; (5) Officer Erik Doyle; and (6) the County of Wilson, Texas. Plaintiffs allege that Officer Doyle authored an affidavit containing false statements to support a warrant for Plaintiffs' arrest for illegal dumping and that Sergeant Keil authored the criminal complaint containing false statements in May 2022 at the time of their

arrest. (Compl. [#6], at 12–14.)  If Plaintiffs' constitutionally protected speech was a substantial or motivating factor in Officer Doyle's and Sergeant Keil's decision to seek a warrant for their arrest and ultimately arrest Plaintiffs, they could also be liable for retaliatory viewpoint discrimination.  *See Doe v. Harrell*, 841 Fed. App'x 663, 669 (5th Cir. 2021) (citing *Kelleher v. Flawn*, 761 F.2d 1079, 1083 (5th Cir. 1985)).

Additionally, the City of La Vernia, its Police Department, and its Chief of Police are entities responsible for the supervision of subordinate officers and the actions of Sergeant Keil and Officer Doyle in their official capacities.  Plaintiffs allege a failure to train and supervise these officers.  (Compl. [#6], at 15–16.)  These Defendants should also be served with Plaintiffs' Complaint.  The County of Wilson, Texas, and its prosecuting attorney are also proper Defendants in a suit seeking to enjoin Plaintiffs' criminal proceedings.  Plaintiffs, however, have not alleged any facts implicating the Texas Attorney General in their prosecution.  This Defendant should not be served.

The only other Defendant involved in the prosecution is Judge Terry, Wilson County Justice of the Peace 3.  Plaintiffs allege that Judge Terry, despite being informed of the constitutional issues with the warrant she executed, stated that there was nothing she could do personally to recall the warrants and failed to present any information to another official with the authority to do so.  (*Id.* at 13.)  Plaintiff have not sufficiently alleged a viable cause of action against Judge Terry.  Judges enjoy judicial immunity from suit as to those acts taken in their judicial capacity.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  This immunity is not overcome by allegations of bad faith or malice.  *Id.*  Because Plaintiff's Complaint attempts to sue Judge Terry for acts taken in her judicial capacity, this claim is frivolous because Plaintiffs are not

complaining about Judge Terry's extra-judicial conduct. The undersigned will therefore recommend dismissal of Judge Terry from this action.

Finally, the Court addresses Plaintiffs' claims against the La Vernia City Administrator and the City of La Vernia Public Information Officer. The undersigned finds Plaintiffs' claims against these Defendants are frivolous and will also recommend their dismissal. Plaintiffs allege that Yvonne Griffin, the City Administrator, is liable for enforcing the City of La Vernia's unconstitutional sign ordinance. (*Id.* at 15–16.) Plaintiffs' pleadings contain detailed allegations regarding the alleged unconstitutionality of La Vernia's sign ordinance. Plaintiffs assert that the sign ordinance unconstitutionally exempts holiday signs from permit requirements and provides no appropriate exemption for temporary signs in non-residential locations. *See* La Vernia Code of Ordinances, §§ 26-106, 26-109. Plaintiffs believe this constitutes illegal viewpoint discrimination. Yet Plaintiffs' factual allegations do not assert that they were cited for failing to obtain a permit for their signs. Nor have Plaintiffs adequately articulated how the sign ordinance, by exempting *all* holiday signs from permitting requirements, engages in impermissible viewpoint discrimination. The Court will not order service on the City of La Vernia's Administrator or Public Information Officer at this time and will recommend dismissal of these Defendants.

## II. Orders and Recommendation

**IT IS HEREBY ORDERED** that, if not already accomplished, within ten (10) days of the date of this Order, Plaintiff shall submit to the Clerk's Office a fully completed United States Marshal Service Form 285, including fully complete addresses, for the following Defendants: (1) City of La Vernia, Texas; (2) the La Vernia Police Department; (3) the La Vernia Police

Department's Chief of Police; (3) Sergeant FNU Keil; (4) Officer Erik Doyle; and (5) the County of Wilson, Texas.

**IT IS FURTHER ORDERED** that the United States Marshal's Service shall serve each of these Defendants with a copy of the Complaint and a copy of this order by certified mail, return receipt requested.

Furthermore, having considered Plaintiffs' Proposed Complaint and More Definite Statement under the standards set forth in 28 U.S.C. §1915(e), the undersigned **recommends** that Plaintiffs' claims against the City of La Vernia City Administrator, the City of La Vernia Public Information Officer, the Justice of the Peace 3 Judge, and the Texas Attorney General be **DISMISSED** as frivolous.

### III.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Objections are limited to no more than 20 pages unless leave of court is granted.  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party

from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 26th day of September, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE